UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| QUENTIN A. QUINN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:16CV02146 SNLJ |
| STATE OF MISSOURI, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This case is before the Court on petition under 28 U.S.C. § 2254 for writ of habeas corpus. The State has filed a response in opposition. No reply was filed.

Petitioner Quentin Quinn is an inmate at the Missouri Eastern Correctional Center in Pacific, Missouri. In 2014, Quinn pleaded guilty to first-degree robbery and making a terroristic threat in the Circuit Court of St. Louis County, Case No. 12SL-CR07988. The Circuit Court sentenced Quinn to ten years' imprisonment. In his petition, Quinn raises four grounds for federal habeas relief. This Court will dismiss the petition for at least three reasons. First, Quinn's petition is untimely, as it was filed well outside of AEDPA's one-year statute of limitations. Second, Quinn's grounds for relief are procedurally defaulted because Quinn never filed for state post-conviction relief and the time in which to do so has long since passed. Third, none of Quinn's allegations state a claim for federal habeas relief.

**Discussion**

**I. Quinn's petition is barred by AEDPA's one-year statute of limitations.**

The Anti-terrorism and Effective Death Penalty Act provides a one year statute of limitations on petitions for writs of habeas corpus under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). Quinn was sentenced on October 20, 2011. (Petition at 1). Quinn did not file his petition in this case until December 23, 2016—more than two years after the statute of limitations began to run. Quinn's petition is thus untimely, and this Court will dismiss it on that basis alone. *See King v. Hobbs*, 666 F.3d 1132 (8th Cir. 2012) (rejecting federal habeas petition as untimely filed).

**II. Quinn's petition is barred by procedural default**.

State courts are entitled to the first opportunity to address and correct alleged violations of the prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (citing *Rose v. Lundy*, 455 U.S. 509 (1991)). To preserve issues for federal habeas review, a prisoner must fairly present his claims to state courts during direct appeal or state post-conviction proceedings. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). Here, Quinn admits that he failed to appeal from his guilty plea or file a motion for post-conviction relief under Missouri's Rule 24.035. (Petition at 2).

Where the petitioner fails to present his claims in state court, he "'forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards.'" *Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (quoting *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004)). Quinn does not allege cause or prejudice or actual innocence to overcome his procedural default. Because Quinn failed to seek relief in state court, he has forfeited his

right to present his claims before this Court. This Court will deny the petition as procedurally defaulted.

**III. Quinn fails to allege a basis for federal habeas relief.**

In his petition, Quinn alleges four grounds for relief. Each ground fails to state a claim on which federal habeas relief could be granted.

In his first claim, Quinn alleges that his plea counsel "never presented [mental] disabilities." To state a claim of ineffective assistance of counsel, Quinn allege facts that overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistances." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Quinn's allegations must show that counsel's conduct fell below reasonable professional standards and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

In Quinn's first claim, he does not allege that counsel knew about his previous mental disabilities or that Quinn's mental issues would have provided a legal excuse that could have changed the outcome of his guilty plea. Quinn had an opportunity to address the Court at his guilty plea hearing, and he could have told the Court about his history of mental illness if he thought it was relevant to his guilty plea. Additionally, Quinn does not allege that he was mentally incompetent at the time of his plea or not guilty by reason of insanity at the time of his crime. In fact, court records show that Quinn provided an allocution at his guilty plea hearings, suggesting that he was criminally responsible at the time of the crime.

Quinn's first claim does not allege facts that could show his plea counsel acted unreasonably or that he was prejudiced by plea counsel's actions. Accordingly, Quinn's first claim fails to state a basis for habeas relief.

In his second claim for relief, Quinn argues that the plea court was racially biased against him. (Petition at 6). Quinn does not allege any facts that support his claim. It appears that Quinn simply believes the Court was racially prejudiced against him because Quinn is a member of a minority group and he received an outcome that he now regrets. Quinn's second claim fails to allege any facts that could state a basis for relief.

In his third claim for relief, Quinn alleges that the St. Louis County Justice Center (where Quinn was held before his guilty plea) violated his civil rights because Quinn did not receive a lawyer until several months after he was arrested and because the jail did not place Quinn on the proper medications when he was first arrested. Even if Quinn's allegations were true, they would not state a basis for federal habeas relief because Quinn's pretrial detention is irrelevant to his current confinement. A state prisoner can petition for federal habeas relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Quinn does not allege that his pretrial detention affected his guilty plea in any way. So, even if Quinn's allegations are true, they do not create a basis to attack his current confinement following his felony guilty plea.

In his fourth claim for relief, Quinn alleges that his right to jury trial was violated. But Quinn pleaded guilty, and in doing so waived his right to a jury trial. Missouri rules require plea courts to inform defendants that a guilty plea waives their right to a jury trial,

and Quinn does not allege any facts that suggest he did not knowingly waive that right. Mo. Sup. Ct. Rule 24.02(b). Quinn's fourth claim fails to state a basis for federal habeas relief.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)). Because Quinn has not made such a showing in this case, I will not issue a certificate of appealability.

## CONCLUSION

For these reasons, Quinn's petition for a writ of habeas corpus, #1, is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. A separate Judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 3rd day of November, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE